United States District Court
Northern District of California

1

2

3                          **UNITED STATES DISTRICT COURT**

4                          **NORTHERN DISTRICT OF CALIFORNIA**

5                                **SAN JOSE DIVISION**

6

7    SYED NAZIM ALI,                          Case No.  22-cv-02371-BLF

8                     Plaintiff,

9            v.                               **ORDER DENYING PLAINTIFF'S
                                              MOTION TO REMAND CASE TO
10   TATA CONSULTANCY SERVICES                STATE COURT**
     LIMITED,
11                                            [Re:  ECF 10]
                     Defendant.
12

13          Plaintiff Syed Nazim Ali ("Ali"), who is proceeding *pro se*, filed this suit in the Santa

14   Clara County Superior Court, asserting employment discrimination, fraud, and related claims

15   against Defendant Tata Consultancy Services Limited ("TCS").  *See* Compl., ECF 1-2.  TCS

16   removed the suit to federal district court on the basis of diversity of citizenship.  *See* Not. of

17   Removal, ECF 1.  Ali moves to remand the case to the Santa Clara County Superior Court.  *See*

18   Pl.'s Objections to Removal, ECF 10.  The Court previously vacated the hearing scheduled for

19   August 25, 2022.  *See* Order Vacating Hearing, ECF 24.

20          The motion to remand is DENIED for the reasons discussed below.

21   **I.      LEGAL STANDARD**

22          "A defendant may remove an action to federal court based on federal question jurisdiction

23   or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

24   (citing 28 U.S.C. § 1441).  "The strong presumption against removal jurisdiction means that the

25   defendant always has the burden of establishing that removal is proper, and that the court resolves

26   all ambiguity in favor of remand to state court."  *Id*. (internal quotation marks and citation

27   omitted).  "If at any time before final judgment it appears that the district court lacks subject

28   matter jurisdiction, the case shall be remanded."  28 U.S.C.A. § 1447.

1    **II.    DISCUSSION**

2           Although Ali filed the motion to remand, TCS bears the burden of establishing subject

3    matter jurisdiction under the standard set forth above.  To establish the existence of diversity

4    jurisdiction, TCS must show that its citizenship is different from that of Ali, and that the amount in

5    controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Hunter*, 582 F.3d at 1043.

6           Before addressing these requirements, the Court takes up TCS's objection to new evidence

7    submitted by Ali with his reply.  Ali submits five new exhibits, including an order issued in

8    another case filed by Ali, emails, Ali's resume, and Ali's service agreement with the Federal Pro

9    Se Program.  The Court declines to consider these exhibits on the ground that TCS did not have an

10   opportunity to address them.  *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-72

11   (9th Cir. 2018).  Moreover, the exhibits shed no light on the relevant issues of diversity of

12   citizenship and amount in controversy.  TCS's objection to Ali's reply evidence is SUSTAINED.

13          Turning back to the requirements for diversity jurisdiction, the Court first considers the

14   citizenship of the parties.  There is no dispute that Ali is a California citizen.  TCS is incorporated

15   under the laws of the state of Maharashtra in India and maintains its corporate headquarters there.

16   *See* Seetharaman Decl. ¶ 3, ECF 1-1.  TCS's headquarters in the United States is located in

17   Edison, New Jersey.  *See id.*  TCS therefore is a citizen of India and possibly of New Jersey, but

18   not of California.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (a corporation is a citizen

19   of the state of incorporation and the state where it had its principal place of business).  The

20   requirement of diversity of citizenship is satisfied.

21          The Court next considers the amount in controversy.  "[W]hen a complaint filed in state

22   court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional

23   threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that

24   the plaintiff cannot actually recover that amount."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d

25   696, 699 (9th Cir. 2007).  Ali's complaint alleges that "Plaintiff incurred severe economic

26   damages over $200K annually due to Defendant and Sursh Ganta[.]"  Compl. ¶ 99.  Ali filed suit

27   in March 2022, almost two years after his alleged termination in May 2020.  *See* Compl. ¶¶ 19-20.

28   Thus, it appears on the face of the complaint that the $75,000 jurisdictional minimum is satisfied.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Nothing in the current record shows to a legal certainty that Ali cannot recover his alleged

2    damages in excess of $200,000.  Accordingly, the amount-in-controversy requirement is satisfied.

3        Based on the foregoing, the Court concludes that TCS has established the existence of

4    diversity jurisdiction.  Ali's arguments to the contrary are without merit.  Ali argues that there is

5    no diversity of citizenship because TCS maintains business operations in California and a TCS

6    manager named Suresh Ganta works in California.  Those facts are irrelevant to the determination

7    of TCS's citizenship under the relevant legal standard.  Ali also argues that removal was improper

8    because he asserts only state law claims.  The nature of the claims asserted – federal claims versus

9    state claims – is irrelevant when jurisdiction is based on diversity of citizenship.

10   **III.   ORDER**

11          (1)    Ali's motion to remand is DENIED; and

12          (2)    This order terminates ECF 10.

13

14   Dated:  August 26, 2022

15   _____

16   BETH LABSON FREEMAN
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28